Lloyd Trackwell
4830 Woodhaven Dr.
Lincoln, NE 68516
541-786-0344

FILED 24 OCT '14 10:49 USDC-ORP

IN THE UNITED STATES COURT
FOR THE DISTRICT OF OREGON

LLOYD TRACKWELL

    Plaintiff

v.

VICTORIA MOFFET

    Defendant.

Case No: 3'14 - CV - 1701 HU

**COMPLAINT**

Lloyd Trackwell, Plaintiff, for his cause of action states and alleges as

Follows:

**Jurisdiction & Venue**

1.     This court has jurisdiction over this matter under 28 U.S.C. 1332 for the reason that the

Defendant is a resident of Oregon and the Plaintiff is a resident of the Nebraska and the amount in controversy is in excess of the jurisdictional amount.

2. Venue in the District of Oregon is proper under 28 U.S.C.1391.

### Parties

3. Lloyd Trackwell is the Plaintiff in this case and a resident of the State of Nebraska.

4. Victoria Moffet is the Defendant a resident of the State of Oregon.

5. Jurisidiction is proper with this court under 28 U.S.C. 1332 and the

Amount in controversy exceeds $500,000.

### First Cause of Action
### Negligence-Legal Malpractice

6. That at all times relevant hereto, the Defendant was a lawyer licensed to practice law by The State of Oreogn. Further, that at all times relevant hereto, the Defendant owed to Plaintiff Lloyd Trackwell a duty to provide representation that met the standard of care for attorneys Practicing in the State of Oregon. Further, that at all times relevant hereto, the Defendant Owed to Plaintiff Lloyd Trackwell a duty to provide representation that met the standard of Care for attorneys practicing in the State of Oregon.

7. In 2012 the Plaintiff was charged with criminal violation of a stalking protection order And contempt of court.

8. Defendant Virginia Moffet was appointed on or about May 1, 2012 to represent Plaintiff In his defense of the criminal charges referenced in Paragraph 6, above.

9. At all times herein Plaintiff has maintained his actual innocence of all charges And in addition maintained that:

    a. that the Stalking Protection Order upon which the charges were based

2

        was and is legally defective and void.

   b.    that the charges were the result of being subjected to extensive stalking behavior by Bruce Hampton, Scott Hampton, Rahn Hostetter and Zachary Hostetter and conduct by them intended to make it appear that Plaintiff was stalking the Hamptons, i.e., following Plaintiff and then coming into close proximity to him and calling the police.

   c.    that Plaintiff's presence Highway 84 at the time of his arrest was not in violation of the SPO and that his presence there was the result of instructions by the Wallowa County Sheriff and that Plaintiff had stopped to speak with the Oregon State Police Officer about a prior complaint.

   d.    That the entire stalking protection order and the subsequent criminal prosecution therefore was instigated by Bruce Hampton and Zachary Hostetter as a scheme to discredit Plaintiff as a witness against Hamptonm in Pending litigation and in retaliation for Plaintiff having reported Bruce Hampton To the U.S. Department of Agriculture for making false claims in order to Unlawfully obtain false program payments.

10.    Following a jury trial held at Enterprise, Oregon Defendant was convicted of two counts of misdemeanor stalking and two counts of contempt of court for which he was sentenced to a year in jail and three years of probation. Defendant immediately appealed his conviction and as of the filing of this complaint that appeal remains pending before the Oregon Court of Appeals.

3

11.     Notwithstanding her duty to provide legal representation consistent with the standard

of care applicable to lawyers practicing in the State of Oregon, Defendant failed and omitted to

provide Plaintiff with legal representation that met the standard of care and in doing so

breached the duty owed Plaintiff, to wit Defendant:

    a.     Failed to seek the recusal of Judge Greg Baxter for a conflict

of interest in that his son, Greg M. Baxter, worked for Moffet during

her representation of Plaintiff and then was hired by the Wallowa

District Attorney's office as a Deputy District Attorney and which such

Hiring was actually pending before the Wallowa County Board of

Commissioners during the pendency of Plaintiff's case and was

Approved a few days after Plaintiff's sentencing.

    b.     Failed to properly investigate the vases of the case. Had such investigation

occurred Defendant would have discovered addition evidence such as

the false reports of stalking prior to trial by Melanie Micka, the alleged

victim's sister. She would further have discovered the unlawful conduct of

Wallowa District Attorney Mona Williams who was not prosecuting the case

Against Defendant but was in fact acting as an investigator and actually took the

False reports of stalking from Micka and subsequently kept those reports from

Being produced to Plaintiff prior to trial. The reports by Micka were

demonstrably false and could have been used by Plaintiff to discredit

Scott Hampton and other witnesses against him. These materials

were deliberately and intentionally concealed by Mona Williams to prevent

4

Plaintiff from learning of them. The Melanie Micka false reports

Constituted material required to be produced under Brady v. Maryland, U.S. v.

Agura and U.S. v. Bagley.

U.S. v. Bagley and could have been used at trial to

c.  Failed to properly interview witnesses and call said witnesses at trial,

including witnesses that would have supported Plaintiff's defense theory

that Scott Hampton and others had been illegally conducting electronic

surveillance of Plaintiff and using the information obtained thereby to show

up at locations where Plaintiff was present and call law enforcement to claim

violations of the stalking order. There existed numerous witnesses who

could have provided truthful, credible testimony to show that alleged

stalking incidents of Scott Hampton were in fact orchestrated by Scott Hampton.

d.  Failed to file a Motion for Change of Venue or Renew Plaintiff's prior

Motion for Change of Venue:

> i) Plaintiff, while Proceeding Pro Se, had raised the issue of change
>
> of venue. Plaintiff did so because since at least 2009 Bruce
>
> Hampton, Scott Hampton and others had been engaged in
>
> a literal smear campaign of Plaintiff, by circulating
>
> in written, verbal and online communications, false,
>
> defamatory and disparaging information about Plaintiff
>
> including statements that Plaintiff was a sexual pervert,
>
> child molester, deadbeat, liar and generally a person of low character. In

5

        2012 these false representations had been so repeated by Bruce

        Hampton, Scott Hampton, and others that said representations

        Were known and believed by the majority of the residents

        Of Wallowa County, which had a population of about 7100 persons.

        Plaintiff had raised this issue while proceeding pro se in the case

        And the court had directed Plaintiff that it needed to be raised

        At the time of jury selection. At jury selection Defendant

        Refused to raise said issue despite the fact that there existed

        Abundant evidence to support Plaintiff's contention that there

        was no possible way that he could receive a fair trial in Wallowa County.

        ii) After the jury was impaneled a juror came forward stated that

        he had not been truthful during the voir dire and that he had

        previously been told by two FBI agents that Plaintiff had filed a report

        with federal law enforcement authorities claiming that the juror,

        who owned a business in Enterprise, appeared to be engaged in the

        sale of illegal drugs from his business. The judge heard this matter

        in chambers without making a record. The court ruled that the

        juror could remain on the jury in spite of the juror's belief that

        Plaintiff had previously falsely accused the juror. Defendant

        Failed to object, failed to ask that the court put all proceedings

        On the record, failed to move for a change of venue.

    e.    Failed to disclose to Plaintiff certain conflicts of interest, to wit, at or during

6

       the period of her representation of Plaintiff that she employed the son of the presiding Judge who thereafter accepted employment with the Wallowa District Attorneys office prior to trial of Plaintiff's case.

  f.    Failed to disclose to Plaintiff that during the pendency of his criminal case, trial and sentencing, which was presided over by Judge Greg Baxter, that the son of Judge Greg Baxter had been hired by the Wallowa County District Attorney's office, and that the hiring decision was throughout Plaintiff's trial and sentencing, pending before the Wallowa County Board Of Commissioners. Defendant failed to request Baxter's recusal, failed To advise Plaintiff of the situation and concealed said situation from Plaintiff and Thereafter, failed to raise said issue via a motion for new trial or a challenge to Plaintiff's sentence.

  g.    Failed to challenge the chain of custody and foundational bases for certain evidence introduced into evidence against Plaintiff, i.e. the photographs claimed to have been taken by either the arresting officer and/or Scott Hampton and the date of such photographs. Had Defendant challenged said photographs it would have shown that said photographs were taken at a time prior to the issuance of the Stalking Protection Order and would have thus proved that the alleged victim was providing false testimony.

  h.    Failed to inquire or make a record of attempting to inquire into the prior Communications between the arresting officer and the alleged victim and the Alleged victim's father.

i. Failed to raise and preserve in the record the issue of the constitutionality of:

    i)Plaintiff's being subjected to a trial wherein the arresting officer was at all times present during trial seated next to the prosecutor and thus improperly allowing the credibility of the witness to be unduly and unfairly enhanced in violation of Plaintiff's constitutional right to a fair trial. Plaintiff wished to preserve his right to challenge that practice as contrary to due process and equal protection.

    ii) Failed to raise, object and preserve in the record the issue of the constitutionality of charging Plaintiff with a criminal offense based upon a stalking order requiring Plaintiff to stay out of the "visual" presence of the alleged victim, both generally, and in the instant case, wherein Plaintiff's identity while standing by his vehicle on a public highway some 2000 feet from the alleged victim's residence could only be confirmed by The arresting officer with the use of binoculars.

j. Failed to adequately and properly cross examine prosecution witnesses Scott Hampton and Chris Hawkins on foundational and substantive issues.

k. Failed to raise objections at sentencing when during argument the prosecution used photographs of Plaintiff that had never before been produced to Plaintiff or his counsel and which such photographs were taken prior to the date of the incidents that were the subject of the stalking charge and which

        constituted Brady v. Maryland material.

l.     Failure to challenge sentence as excessive when the same judge was sentencing other defendants to lesser sentences for felony offenses involving conduct far more egregious than that alleged against Plaintiff.

m.     Failure to file a Motion for New Trial raising the issue of the prosecution's failure to produce Brady v. Maryland materials, i.e., the photographs used at sentencing by the prosecutor which had never been produced to Plaintiff or his counsel. Said photographs showed Plaintiff riding in a vehicle The circumstances of which photograph, i.e., the date, place and surroundings Depicted would have supported Defendant's defense theories.

n.     Failure to raise all available defenses, including the defense of Public Authority, whereby Plaintiff was acting in accordance with the instructions Given him by the Sheriff of Wallowa County shortly before his arrest.

11.     That the actions of Defendant as set forth hereinabove constitute professional Negligence and as a direct and proximate result of Defendant's breach of the duty of care Owed To Plaintiff, Plaintiff was convicted of the criminal charges, namely four misdemeanors, and Deprived of his freedom for nine months incarceration, three years of probation, subjected to Invasions of privacy, public humiliation and embarrassment, deprived of his right to a fair trial, Suffered the loss of income, the loss of property and harm to other causes of action in pending civil litigation and subjected Plaintiff to other civil litigation.

12.     That as a direct and proximate result of the actions of Defendant as set forth herein Above, Plaintiff has suffered damages, both economic and non-economic, which such damages

9

Are, as yet incapable of calculation but believed to be in excess of $5,000,000.

## REQUEST FOR JURY TRIAL

13.     Plaintiff requests a jury trial to be held in Portland, Oregon.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Lloyd Trackwell prays for judgment upon his cause of

Action  and that the court enter judgment against the Defendant in the amount

Of damages as proven at trial, and for such other relief as this court deems equitable

And just.

BY: *(signature)*
Lloyd Trackwell
4830 Woodhaven Dr.
Lincoln, NE 68516
402-786-0344