UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LLOYD TRACKWELL, | No. 3:14-cv-1701-HU |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| VICTORIA MOFFET, | |
| Defendant. | |

HUBEL, Magistrate Judge:

Pro se Plaintiff Lloyd Trackwell ("Trackwell") filed this legal malpractice action against Defendant Victoria Moffet ("Moffet") on October 24, 2014, after he was convicted by a jury in Wallowa County Circuit Court of two counts of misdemeanor stalking and two counts of contempt of court. (*See* Compl. ¶¶ 6-10.) As explained in his complaint, Trackwell "immediately appealed his conviction and as of [October 24, 2014] . . . that appeal remain[ed] pending before the Oregon Court of Appeals." (Compl. at 3.) Now before the Court is Trackwell's application (Docket No. 2) for leave to proceed in forma pauperis.

Page 1 - FINDINGS AND RECOMMENDATION

**LEGAL STANDARD**

It settled law that a district court must perform a preliminary screening of an in forma pauperis complaint and dismiss any claims which: (1) fail to state a claim on which relief may be granted; (2) are frivolous or malicious; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (concluding that § 1915(e)(2)(B) applies to non-prisoners).

In order to state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When reviewing the sufficiency of a complaint filed by a pro se litigant, the court must liberally construe the pleading and accept as true all of the factual allegations contained therein. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rather, stating a claim requires "the plaintiff [to] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Along similar lines, a district court may dismiss a claim as factually frivolous when the facts alleged "lack[] an arguable basis in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or when they "rise to the level of the irrational or the

Page 2 - FINDINGS AND RECOMMENDATION

wholly incredible, whether or not there are judicially noticeable facts available to contradict them," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim may also "be dismissed as frivolous where a defense is obvious on the face of the complaint." *Harris v. Rodriguez*, No. 1:12-cv-00891, 2012 WL 4210118, at *4 (E.D. Cal. Sept. 18, 2012) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984)).

**DISCUSSION**

In addition to his complaint, application to proceed in forma pauperis and supporting affidavit——all of which were filed on the district court's electronic filing system——Trackwell mailed a letter to the Court in anticipation of his complaint potentially being dismissed at the screening stage. That letter——which is attached as Exhibit 1 to this Findings and Recommendation, and which Trackwell represents was also sent (i.e., carbon copied) to the yet-to-be-served Defendant Moffet——states:

> I have filed a legal malpractice case styled Trackwell v. Moffet and am seeking leave to proceed in forma pauperis. I am aware that the court screens cases filed by [p]ro [s]e litigants and I write because I wanted to make sure that the court is aware that I have researched this case diligently and I believe that there is a sound legal basis for the position I take in this case.
>
> Assuming that I am granted leave to proceed, I intend to file a motion to stay this case as soon as I have obtained service on the Defendant. I point that out to the court because . . . I am aware of caselaw in Oregon that indicates the cause of action for legal malpractice in a criminal case does not accrue until a criminal appeal and post conviction remedies have been exhausted. However there are recent decisions that suggest that the Oregon Supreme Court is amenable to a change in that position, e.g., Drollinger v. Mallon, 3[5]0 Or. 652, 260 P.3[d] 482 (Or. 2011). I intend to argue in this case that the current view [of the Oregon Supreme Court] violates the Equal Protection Clause by subjecting certain classes of legal malpractice [p]laintiffs to an additional burden and that the rule articulated in

Page 3 - FINDINGS AND RECOMMENDATION

1  |        Gebhardt v. O'Rourke P.C., 444 Mich. 535, 548, 510 N.W.2d
2  |        900, 906 (1994) is consistent with constitutional
   |        principles and addresses the concerns addressed by the
3  |        California Supreme Court in Coscia v. Mc[K]enna & Cuneo,
   |        108 C. Rpt[r]. 2[d] 471, 25 Cal. 4th 1194, 25 P.3[d] 670
4  |        (2001).

(Finding & Recommendation, Ex. 1 at 1.)

Plaintiff's letter appears to reference the Oregon Supreme Court's seminal decision in *Stevens v. Bispham*, 316 Or. 221 (1993), where they held that, for statute of limitations purposes, a legal malpractice claim could not accrue "until the plaintiff has been exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise." *Id.* at 223. The Oregon Supreme Court explained:

> [F]or one convicted of a criminal offense to bring an action for professional negligence against that person's criminal defense counsel, the person must, in addition to alleging a duty, its breach, and causation, allege 'harm' in that the person has been exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise. . . .
>
> Defendant argues that plaintiff's claim accrued and the statute of limitations began to run on March 31, 1987, when plaintiff entered his no-contest plea. At that time, defendant argues, plaintiff was both harmed and dissatisfied with defendant's representation. Our previous discussion of the elements of a professional negligence action brought in circumstances like these demonstrates defendant's error. Plaintiff could not have brought this action until he had suffered legally cognizable harm. Plaintiff had not suffered such harm at defendant's hands in this case unless and until he was exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise. Here, he legally was exonerated by a means that qualifies as 'otherwise.' But the date of that exoneration––the date on which his conviction was set aside and he was released [after another man confessed to the crime]––was well within two years of the date on which the present action was filed. The trial court's ruling that the harm had occurred more than two years before the complaint was filed therefore was error.

Page 4 - FINDINGS AND RECOMMENDATION

*Id.* at 238-39 (internal citation omitted).

Eighteen years later, in *Drollinger v. Mallon*, the Oregon Supreme Court "conclude[d] that *Stevens*, a case addressing the statute of limitations in a malpractice action brought by a former criminal defendant against *trial* counsel in the underlying case, d[id] not preclude this convicted plaintiff from pursuing a malpractice action against post-conviction counsel." 350 Or. at 652. The Oregon Supreme Court distinguished *Stevens*, stating, among other things:

> Although the statutory provision for post-conviction relief is one aspect of the overall legislative scheme for ensuring the fairness and accuracy of the criminal convictions and sentences, post-conviction proceedings themselves are civil in nature and they are not subject to the scheme of protections that *Stevens* discusses. Given that the panoply of constitutional and statutory protections for protecting criminal defendants (and, particularly, the mechanisms for assuring the effective assistance of counsel), are not operative in post-conviction proceedings, the *Stevens* court's interest in 'respecting and not hindering' the policy choice that inheres in the overall scheme of protections simply is not a paramount consideration in defining the elements of claims that arise in that context.
>
> . . . [Moreover,] *Stevens* is premised on the assumption that the legislature's scheme of protections for criminal defendants includes one or more mechanisms for correcting any wrongs suffered by a criminal defendant as a result of his or her attorney's constitutionally or statutorily inadequate representation. In *Stevens*, the required exoneration was available 'through direct appeal, through post-conviction relief proceedings, or otherwise.' However, there is no express statutory mechanism in Oregon law for obtaining 'exoneration' from a denial of post-conviction relief caused by the inadequacy of post-conviction counsel. In light of the absence of any realistic mechanism for obtaining 'exoneration' from the results of post-conviction counsel's inadequacy, extending the exoneration requirement of *Stevens* to malpractice actions against post-conviction counsel would create an insurmountable and arbitrary bar to relief that does not exist with respect to malpractice claims against criminal defense counsel.

*Id.* at 662 (ellipses and footnote omitted).[1]

It is well settled that "the views of [a] State's highest court with respect to state law are binding on the federal courts." *Cunningham v. California*, 549 U.S. 270, 306 n.8 (2007) (Alito, J., dissenting) (citation omitted); *see also Thomas v. Bergstedt*, 15 F. App'x 413, 414 (9th Cir. 2001) ("Under 28 U.S.C. § 1257 and the *Rooker-Feldman* doctrine, only the United States Supreme Court has jurisdiction to review the constitutionality of final decisions of state courts. Lower federal courts lack such authority.") (internal citations omitted). With that in mind, it's clear from the Court's reading of *Stevens* and *Drollinger* that: (1) *Stevens* remains good law from Oregon's highest court; and (2) *Stevens* would control in the instant case since Trackwell, a former criminal defendant, is attempting to bring a legal malpractice claim against trial counsel, not post-conviction counsel, even though he has not "been exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise."

Accordingly, Trackwell's complaint should be dismissed without prejudice. *Cf. Sandgathe v. Jagger*, 165 Or. App. 375, 379 (2000) ("[W]e agree with plaintiff that, in these circumstances, dismissal with prejudice was erroneous. We so conclude because such a dismissal would improperly preclude plaintiff from pursuing his malpractice claims against defendant if his criminal convictions are ultimately collaterally overturned.").

///

---

[1] Regardless of the *Drollinger* decision, federal habeas relief is a realistic mechanism for obtaining "exoneration" from the results of post-conviction counsel's inadequacy.

Page 6 - FINDINGS AND RECOMMENDATION

**CONCLUSION**

Trackwell's application (Docket No. 2) to proceed in forma pauper is granted solely for the purposes of screening his complaint, and for the reasons stated above, this action should be dismissed without prejudice.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **January 5, 2015.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **January 23, 2015.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this  15th  day of December, 2014.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 7 - FINDINGS AND RECOMMENDATION