IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LLOYD TRACKWELL,

        Plaintiff,                                  No 3:14-cv-01701-HU

    v.

VICTORIA MOFFET,

        Defendant.                                 ORDER

HERNÁNDEZ, District Judge:

      Magistrate Judge Hubel issued a Findings and Recommendation [7] on December 15, 2014, in which he recommends that this Court grant Plaintiff Lloyd Trackwell's application to proceed *in forma pauperis*, solely for the purposes of screening his Complaint, and dismiss this action without prejudice. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

      Plaintiff filed timely objections to the Magistrate Judge's Findings & Recommendation. When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's

1 – ORDER

report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Plaintiff's objections and conclude there is no basis to modify the Findings & Recommendation. I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation. I provide additional explanation to Plaintiff below.

Plaintiff seeks to bring a malpractice suit against his former attorney, Victoria Moffet, who represented him in state court proceedings.[1] Plaintiff does not object to Magistrate Judge Hubel's finding that the Oregon Supreme Court has clearly foreclosed someone like Plaintiff from filing a malpractice suit until he has "been exonerated of the criminal offense through reversal on direct appeal, through post-conviction relief proceedings, or otherwise." Stevens v. Bispham, 316 Or. 221, 238-39 (1993). Instead, Plaintiff requests that this Court nevertheless allow his case to proceed but stay it until Plaintiff's post-conviction remedies have been exhausted, in order for Plaintiff to challenge the constitutionality of the Stevens decision.

However, as Judge Hubel explains, a federal district court lacks jurisdiction to review the constitutionality of final decisions of state courts. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); and Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Therefore, even if Plaintiff's case were stayed until his post-conviction remedies are exhausted, this Court would be required to dismiss a challenge to the constitutionality of Stevens for lack of jurisdiction. Plaintiff's Complaint is dismissed without prejudice in order to allow him to pursue his claim against Defendant if his criminal convictions are ultimately overturned.

///

---

[1] Plaintiff was convicted by a jury in Wallowa County Circuit Court of two counts of misdemeanor stalking and two counts of contempt of court. See Compl. ¶¶ 6-10.

CONCLUSION

The Court ADOPTS Magistrate Judge Hubel's Findings & Recommendation [7], and therefore, Plaintiff's application to proceed *in forma pauperis* [2] is granted, but his Complaint [1] is dismissed without prejudice.

IT IS SO ORDERED.

DATED this __5__ day of __FEB__, 2015.

*Marco Hernandez*
MARCO A. HERNANDEZ
United States District Judge

3 – ORDER